**Dated: September 14, 2018**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

IN RE:                              )
                                    )
JAMES E. OLIVER,                    )      Case No.16-10808-JDL
                                    )      Chapter 7
                                    )
         Debtor.                    )

### ORDER DENYING MOTION TO RECONSIDER

Before the Court for consideration is creditors Ben and Marsha Young's[1] *Motion for Reconsideration to Order Sustaining Trustee's Objection to Proof of Claim Number 6* (the "Motion") [Doc. 197] and *Trustee's Response to Ben and Marsha Young's Motion for Reconsideration to Order Sustaining Trustee's Objection of Allowance of Proof of Claim Number 6* (the "Response") [Doc. 198]. On May 23, 2018, the Trustee filed his *Trustee's Objection of Allowance of Proof of Claim and Authorities* (the "Objection") [Doc. 188]. The

---

[1] The Youngs' Motion is actually, but mistakingly, entitled *"Debtors"* Motion for Reconsideration. The Youngs are *pro se* debtors in another case, and the Court assumes that they unintentionally misidentified their status in the present case.

basis of the Trustee's Objection was "that the documents attached to the Proof of Claim do not support the claim in any amount much less $20,000,000." On July 17, 2018 at 9:30 AM the Trustee's Objection came on for hearing. The Trustee appeared, and the Youngs failed to appear. The Youngs' Motion seeks to have the Court reconsider its July 18, 2018, *Order Sustaining Trustee's Objection to Proof of Claim Number 6 of Ben and Marsha Young* [Doc. 195] by which the Court disallowed the Youngs' Proof of Claim filed in the amount of $20,057,000.35. [Claim 6-1]. The below constitutes the Court's findings of fact and conclusions of law pursuant to Fed.R.Bankr.P. 7052 and 9014. [2]

The bankruptcy court has the authority to reconsider the allowance or disallowance of claims for cause pursuant to 11 U.S.C. § 502(j)[3] which provides, in pertinent part:

> (j) A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case. ****"

Furthermore, Rule 3008 entitled "Reconsideration of Claims" provides:

> A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The Court after a hearing on notice shall enter an appropriate order.

Notwithstanding the Rule's provision for a hearing, "[a]s the advisory committee for Rule 3008 noted, the bankruptcy court's discretion in deciding whether to reconsider a claim is virtually absolute, as the court may decline to reconsider an order of allowance or disallowance without a hearing or notice to the parties involved". *In re Egbune*, 2016 WL

---

[2] All future references to "Rule" or "Rules" are to the Federal Rules of Bankruptcy Procedure, unless otherwise indicated.

[3] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

6996129 at *6 (10th Cir. BAP 2016). The Advisory Committee Note provides, in pertinent part:

> ***The court may decline to reconsider an order of allowance or disallowance without notice to any adverse party and without affording any hearing to the movant. If a motion to reconsider is granted, notice and hearing must be afforded to parties in interest before the previous action in the claim taken in respect to the claim may be vacated or modified. ***

Bankruptcy courts have interpreted reconsideration of § 502(j) to be a two-step process. *Egbune,* 2016 WL at *6; *In re Gonzalez*, 490 B.R. 642, 651 (1st Cir. BAP 2013); *In re Rayborn*, 307 B.R. 710, 720 (Bankr. S.D. Ala. 2002); *In re Tri-State Ethanol Co., LLC*, 2009 WL 1079776, at *7 (Bankr. D. S.D. 2009). First, the bankruptcy court must decide whether "cause" has been shown. Next, the bankruptcy court must determine whether the "equities of the case" dictate allowance or disallowance. *Egbune*, 2016 WL at *6 (citing *Rayborn*, 307 B.R. at 720).

Neither the Bankruptcy Code nor the Bankruptcy Rules define "cause" as used in § 502(j). Courts regularly consider whether "[c]ause may exist when relief would be justified under Federal Rule of Civil Procedure 60 (b)." *Id.*; *In re W. F. Hurley, Inc.*, 612 F.2d 392, 396 n. 4 (8th Cir. 1980); *In re Willoughby,* 324 B.R. 66, 72 (Bankr. S.D. Ind. 2005); *In re Orsini Santos,* 349 B.R. 762, 769 (1st Cir. BAP 2006); *Gonzalez*, 490 B.R. at 651. F.R.Civ.P. 60(b), made applicable to bankruptcy proceedings by Rule 9024, provides that there may be relief from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59 (b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing

3

>party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Have the Youngs stated in their Motion facts for "cause" sufficient to justify reconsideration of the Court's disallowance of their claim?

While the Youngs in their Motion do not make reference to F.R.Civ.P. 60(b) or assert the basis of the motion to reconsider as "mistake, inadvertence, surprise, or excusable neglect", it would appear that those would be the only grounds under F.R.Civ.P. 60(b) upon which to possibly predicate their Motion. They assert that (1) they erroneously believed the hearing date to be July 19, instead of July 17; (2) they have been under stress the last several months because of the foreclosure of their residence and the repossession of their vehicle; (3) Ms. Young has been "under a doctor's care for the last several years due to a blocked artery and other health issues" and (4) they "were informed that the presiding judge was to be absent on the said hearing date." [Motion, Doc. 197 ¶ ¶ 1-4].

The Youngs' failure to appear for the July 17, 2018, hearing is not the type of "mistake" covered by F.R.Civ.P. 60(b)(1). "Mistake" covered by that section intended to provide relief to a party in only two instances: (1) the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order. *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999); *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996). "Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)." *Pelican Production Corp. v. Marino*, 893 F.2d 1143, 1146 (10th

Cir. 1990); *Calhoun v. Schultze*, 197 F.R.D. 461 (D. Kan. 2000); *Robledo-Valdez v. Smelser*, 2014 WL 1757931 (D. Colo. 2014). "Likewise, a parties' pro se status does not afford a basis for relief under Rule 60(b)(1)." *Id.*

Again, while the Youngs have not specifically asserted the same, the Court next considers whether the Youngs should be entitled to reconsideration of the Court's Order under F.R.Civ.P. 60(b)(1) based on "excusable neglect". The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489 (1993) (discussing application of the excusable neglect standard of Rule 9006(b)(1)). Relevant factors include "the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*; *Cincinnati Specialty Underwriters Ins. Co. v. Urbano,* 687 Fed. Apex. 778, 780 (10th Cir. 2017) (The court must make three determinations to set aside a default judgment under Rule 60(b): "(1) the moving party's culpable conduct did not cause the default; (2) the moving party has a meritorious defense; and (3) the non-moving party will not be prejudiced by setting aside the judgment.") (citing *United States v. Timbers Preserve*, *Routt County, Colorado*, 999 F.2d 452, 454 (10th Cir. 1993) (rec'd. on other grounds));  '[Fault in the delay remains a very important factor - perhaps the most important single factor - in determining whether the neglect is excusable.'" *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004) (quoting *City of Chanute, Kansas v. Williams Natural Gas Co.*, 31

5

F.3d 1041, 1046 (10th Cir. 1994)).

Here, the Youngs simply failed to appear for the July 17 hearing for which they had been given notice. Responsibility does not lie elsewhere. There is no claim by them that they did not receive a copy of the Trustee's Objection and notice of the date that the same was set for hearing. The fact that the Youngs had been "under stress" because of the foreclosure on the residence is not sufficient excuse under the circumstances. They had been fighting the mortgagee's foreclosure proceedings in state court for the last eight years. Of their eight prior bankruptcies, it is clear that four, including the present one, were filed the purpose of delaying or frustrating the foreclosure proceedings against their home. [See e.g. Case No. 18-12669, Doc. 40 ¶ 10 (Youngs asserting that "Debtors last four bankruptcies are due to Crescent Management failure to apply pre confirmed payments in 2009 and 2010 ..." ; Case No. 16-10808, Doc. 190 ¶ 8 ("2010 Claimant file bankruptcy 1st bankruptcy of three to retain home.") (sic)].

If there was stress, the Youngs had been living with it for many years, and the Court does not see it as an unexpected or debilitating situation excusing them from making their appearance for the July 17 hearing. Nor does Ms. Young having been under a doctor's care "for the last several years" constitute a basis for asserting excusable neglect. "Several years" would also have encompassed at least the three bankruptcies which they had filed since November 2015. Furthermore, the Youngs attached to their Motion bills from the Oklahoma Heart Hospital. [Doc. 197, pgs. 5-6]. The bills are for a echocardiogram and cardiovascular stress test conducted at the hospital on March 29 and April 12, 2018, respectively. Both of these procedures are outpatient and were conducted more than three

6

months prior to the scheduled hearing date of July 17.  Additionally, in their Motion the Youngs contend they mistakenly thought the hearing was on July 19, not July 17.  That contention logically would refute any inference that Ms. Young may have been medically unable to make the hearing on July 17, but she would have on July 19.  In fact, only Mr. Young appeared on July 19.  Ms. Young did not appear on July 19.  Under these circumstances, Ms. Young's medical issues do not afford a basis to excuse her, or Mr. Young's, appearance at the hearing.

Lastly, as to possible excusable neglect, the Youngs state that they "were informed that presiding judge was absent on the said hearing date." [Motion, Doc. 197 ¶ 4].  The Youngs don't say *when* they were so informed.  In fact, when Mr. Young appeared on July 19, two days *after* the scheduled hearing, he was advised by this Judge's Chambers that the hearing had been scheduled for and, in fact, had taken place two days prior, on July 17, and that Bankruptcy Judge Sarah A. Hall had conducted the hearing in the absence of Judge Loyd.  The Youngs were not misled prior to July 17 that there would not be a hearing on that date.

For the reasons stated above,

**IT IS ORDERED** that the *Motion for Reconsideration to Order Sustaining Trustee's Objection to Proof of Claim Number 6* [Doc. 197]  is hereby **Denied.**

# # #